On petition for reconsideration filed March 12,* former opinion (326 Or 447, 952 P2d 550) reinstated and adhered to March 31, reconsideration denied May 19, 1998

## In re Complaint as to the Conduct of

## WILLIAM B. WYLLIE,
*Accused.*

## (OSB 93-4, 93-16, 93-17; SC S40929)

956 P2d 951


---

* Review from the decision of a trial panel of the Disciplinary Board. 326 Or 447, 952 P2d 550 (1998).

William B. Wyllie, Salem, filed the petition for reconsideration *in propria persona.*

No appearance *contra.*

Before Gillette, Presiding Justice, and Van Hoomissen, Graber, and Durham, Justices.**

PER CURIAM

---

** Carson, C. J., and Kulongoski and Leeson, JJ., did not participate in the consideration or decision of this case.

## PER CURIAM

On February 20, 1998, this court issued its opinion finding that the accused had violated two disciplinary rules and suspending him from the practice of law for one year. *In re Wyllie*, 326 Or 447, 952 P2d 550 (1998). The accused has petitioned for reconsideration. We have allowed his petition in order to address the merits of an argument that we did not treat in the original opinion. In all other respects, we adhere to the former opinion, including the findings of guilt and the sanction.

This court found that the accused had violated DR 1-103(F)[1] in the following manner:

> "[The State Lawyers Assistance Committee (SLAC)] required the accused to select one of four in-patient treatment programs; he refused, recognizing that his decision could 'be construed as non-cooperation with the SLAC Committee.' In an effort to develop a substitute remedial program that would be less costly, SLAC required the accused to give a copy of Dr. Byrd's evaluation to the accused's own physician, Dr. Craig, and to set up a meeting among Dr. Craig, the accused, and at least one member of SLAC to draw up an alternative treatment proposal. The accused did none of those things. He thereby failed to cooperate with SLAC." 326 Or at 453.

■ DR 1-103(F) provides that the required cooperation is "subject to the exercise of any applicable right or privilege." The accused argued to the trial panel that a right or privilege applies, asserting that he had a "right to confer privately with his physician after he became the subject of disciplinary proceedings."[2]

---

[1] DR 1-103(F) provides, in part:

"A lawyer who is the subject of a complaint or referral to the State Lawyers Assistance Committee shall, subject to the exercise of any applicable right or privilege, cooperate with the committee and its designees, including:

"* * * * *

"(4) Participating in and complying with a remedial program established by the committee or its designees."

[2] Because the accused made this argument to the trial panel and because he prevailed on this issue before the trial panel, he is entitled to raise the matter before this court as an alternative basis for affirming the trial panel's result.

■ ▪ The accused relied on several alleged rights or privileges. He asserted that there is a *"right* to privacy" (emphasis in original), but cited no authority to support the proposition that a right of privacy extends to SLAC's request of the accused. Neither are we aware of any such authority.

■ Next, the accused argued that "statutes protect[ ] people from disclosure of the fact that they are being treated for drug or alcohol dependency." In context, that argument does not avail the accused, because SLAC already knew that the accused was being treated for alcohol dependency. SLAC's role was simply to try to ensure that the accused received an effective form of treatment.

The accused next argued that the physician-patient privilege of OEC 504-1 applied. OEC 504-1 provides, in part:

"(2)   A patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications in a civil action, suit or proceeding, made for the purposes of diagnosis or treatment of the patient's physical condition, among the patient, the patient's physician or persons who are participating in the diagnosis or treatment under the direction of the physician, including members of the patient's family."

As noted, one of SLAC's requirements was for the accused and his physician to meet with a representative of SLAC to discuss a treatment program. In a civil proceeding, OEC 504-1(2) generally would prevent involuntary disclosure of such a communication by a patient or a physician. Similarly, another statute prevents disclosure in a civil proceeding of information gained by SLAC from being introduced in a civil proceeding. ORS 9.545(2)(a) provides, in part:

"Any information provided to, or obtained by, the state lawyers assistance committee * * * or designees thereof * * * shall be inadmissible as evidence in any disciplinary or civil proceeding."

In other words, contrary to the accused's theory, had the meeting among the accused, Dr. Craig, and a representative of SLAC taken place, no information would have been admissible in a civil proceeding.

■     The accused's final argument was that, because of the pendency of a disciplinary proceeding and the possibility that a violation of a disciplinary rule also violates statutory requirements for lawyers' conduct, "there is a serious question involving the possibility of self incrimination under both the Oregon and United States constitutions." As just pointed out, however, had the accused cooperated with SLAC, no information would have been admissible in a disciplinary proceeding, so "self-incrimination" in that forum could not have occurred. ORS 9.545. *See also* Board of Governors' Policy No. 13.701 (all SLAC records are confidential).

■■     Moreover, this court has held that a bar disciplinary proceeding is not a criminal proceeding. *In re Holman*, 297 Or 36, 67, 682 P2d 243 (1984). Further, no provision of ORS chapter 9 to which the accused points establishes a crime or criminal penalty. The right against self-incrimination limits a lawyer's duty to cooperate only when such cooperation may expose the lawyer to future *criminal* prosecution. *See* Or Const, Art I, § 12 ("No person shall be * * * compelled in any criminal prosecution to testify against himself."); US Const, Amend V ("No person * * * shall be compelled in any criminal case to be a witness against himself * * *."). The accused has identified no criminal prosecution to which he could possibly have been subjected as a result of the requested cooperation with SLAC.

In summary, no right or privilege applies to obviate the duty of the accused to have cooperated with SLAC in this case. Accordingly, we adhere to our conclusion that the accused violated DR 1-103(F).

Former opinion reinstated and adhered to.